UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-21046-CIV-SEITZ/SIMONTON

ADAN HODGSON,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant
_____/

## ORDER DENYING REMAND AND COMPELLING ARBITRATION

This matter is before the Court on the Plaintiff's Motion for Remand [DE-11] and Defendant's Motion to Compel Arbitration [DE-14]. Plaintiff was employed by Defendant as a seaman. According to the complaint, Defendant failed to treat Plaintiff after he suffered an injury to his left ear. As a result, Plaintiff's complaint alleges seven counts: (1) Jones Act negligence; (2) unseaworthiness; (3) failure to provide maintenance and cure; (4) failure to treat; (5) unlawful discharge; (6) unearned wages; and (7) overtime wages. The complaint was filed in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. Defendant removed the case to this Court, pursuant to the Federal Arbitration Act, 9 U.S.C. § 205. Plaintiff now seeks remand and Defendant seeks to compel arbitration. Because the arbitration agreements incorporated into Plaintiff's employment agreements are enforceable, Defendant's Motion to Compel Arbitration is granted and Plaintiff's Motion to Remand is denied.

**Facts**

    On September 9, 2007, Plaintiff executed a Sign On Employment Agreement, which expressly incorporated the terms of a Collective Bargaining Agreement. (DE-14-2.) On August

22, 2009, Plaintiff executed a second Sign On Employment Agreement, which also expressly incorporated the terms of a Collective Bargaining Agreement. (DE-14-2.) Article 26 of the 2005 Collective Bargaining Agreement contains a provision which states:

> ...all grievances and any other dispute whatsoever, whether in contract, regulatory, tort, or otherwise, including constitutional, statutory, common law, admiralty, intentional tort and equitable claims, relating to or in any way connected with the seafarer's service for the Owners/Company, including but not limited to claims for personal injury or death, no matter how described, pleaded, or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. ("The Convention")....The arbitration referred to in this Article is exclusive and mandatory. Claims and lawsuits may not be brought by any seafarer or party, hereto, except to enforce arbitration or a decision of the arbitrator.

(DE-14-3 at 23-24.) Article 35 of the 2009 Collective Bargaining Agreement states:

> All grievances and any other dispute whatsoever, whether in contract, regulatory, statutory, common law, tort, or otherwise relating to or in any way connected with the Seafarer's service for the Owners/Company under the present Agreement, including but not limited to claims for personal injury/disability or death, no matter how described, pleaded, or styled, and whether asserted against the Owners/Company, Master, Employer, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by mandatory binding arbitration pursuant to the United Nations Conventions on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), 21 U.S.T. 2517, 330 U.N.T.S. ("The Convention"), except as provided by any government mandated contract.

(DE-14-3 at 78.)

While working for Defendant, Plaintiff was injured. According to Plaintiff, he sought but did not receive treatment for the injury. Thereafter, Plaintiff filed this action in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida. Defendant removed and sought to compel arbitration. Plaintiff seeks remand.

**Analysis**

Plaintiff's Motion to Remand and opposition to Defendant's Motion to Compel are primarily based on the Eleventh Circuit's holding in *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009). Plaintiff asserts that under *Thomas*, the arbitration clauses at issue are void and, thus, this case should be remanded. However, subsequent to *Thomas*, and after the parties here had fully briefed the motions, the Eleventh Circuit issued *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011).[1] In *Lindo*, the Eleventh Circuit expressly rejected the reasoning of *Thomas* that found an arbitration clause null and void at the arbitration-enforcement stage because it violated public policy. The *Lindo* court noted that the defense that an arbitration clause is unenforceable because it violates public policy is a defense available only at the award-enforcement stage of an arbitration. *Id.* at 1263. At the arbitration-enforcement stage an arbitration clause is null and void only if the arbitration agreement has been obtained through fraud, mistake, duress, and waiver. *Id.* at 1276 (citing *Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005)). Plaintiff has not raised any of these defenses. Thus, the arbitration clause must be enforced as long as the four jurisdictional prerequisites, discussed below, have been met. *See Lindo*, 652 F.3d at 1272.

The four jurisdictional prerequisites to enforcing an arbitration agreement are: (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable

---

[1] Neither party sought to supplement the record after the issuance of the *Lindo* decision.

relation with one or more foreign states. *Bautista*, 396 F.3d at 1294 n.7. All of these prerequisites have been met, and Plaintiff does not argue otherwise. Although Plaintiff argues that he should not be subject to the arbitration clauses contained in the Collective Bargaining Agreements because he is not a member of the union, this argument is without merit given that Plaintiff's Sign On Employment Agreements expressly incorporate the Collective Bargaining Agreements. Accordingly, it is hereby

ORDERED that:

1. Plaintiff's Motion for Remand [DE-11] is DENIED.

2. Defendant's Motion to Compel Arbitration [DE-14] is GRANTED.

3. All pending motions not otherwise ruled upon are DENIED as moot.

4. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 18th day of October, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record